IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD ARNOLD ASHFORD,                     No. 2:13-CV-0178-LKK-CMK-P

       Petitioner,

   vs.                                                                    ORDER

TIM VIRGA,

       Respondent.

_____/

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's motion to dismiss the petition on the grounds that it was filed beyond the one-year statute of limitations, 28 U.S.C. § 2244(d) (Doc. 13). Petitioner filed an opposition to the motion (Doc. 17) as well as a motion for clarification (Doc. 19).

       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being

1

1  in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th
2  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state
3  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural
4  grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp.
5  1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss
6  after the court orders a response, and the Court should use Rule 4 standards to review the motion.
7  See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has
8  exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss petitioner's federal habeas corpus petition as filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d). Petitioner argues that he is immune from procedural default as the State court acted without jurisdiction, thereby depriving him of due process.  He also mentions the possibility of equitable tolling due to ineffective assistance of counsel.

**I.  Statute of Limitations**

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S. Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as

1  untimely, the federal court must independently determine whether there was undue delay.  See id.
2  at 226-27.
3         There is no tolling for the interval of time between post-conviction applications
4  where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183
5  F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no
6  tolling for the period between different sets of post-conviction applications.  See Biggs v.
7  Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct
8  review and the filing of a state post-conviction application does not toll the limitations period.
9  See Nino, 1983 F.3d at 1006-07.
10         Here, petitioner is challenging his 2001 conviction.  Petitioner states in his
11  petition that the date of his conviction was October 4, 2001, based on a guilty plea.  He then filed
12  State habeas petitions beginning in April 2012, which were denied, the last of which was denied
13  by the California Supreme Court on October 24, 2012.  He then filed his current federal petition
14  on January 29, 2013.
15         As petitioner did not file a direct appeal, his statute of limitations began running
16  once his time to file an appeal expired.  Thus, the statute would have expired on or about
17  December 3, 2001.  As he did not file any habeas petition until 2012, the statute of limitations
18  has long since expired.  There is no indication that there was any impediment to filing a habeas
19  petition created by state action, that the petition is based on a newly-recognized constitutional
20  right, or that there was any delay in discovering the factual predicate of his claim.  Therefore,
21  absent any available equitable tolling, petitioner's federal habeas petition is untimely.
22        **II.**    **Equitable tolling**
23         Because the statute of limitations under 28 U.S.C. § 2244(d) is not jurisdictional,
24  it is subject to traditional equitable tolling principles.  See Calderon v. United States Dist. Ct.
25  (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v.
26  United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  To be entitled to

equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

In Pace, the Supreme Court held that equitable tolling was not applicable because "petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419. In Beeler, the district court granted equitable tolling and the respondent sought a writ of mandamus to reverse the district court's order. See 128 F.3d at 1288. In denying the respondent's mandamus petition, the Ninth Circuit addressed the district court's decision to grant equitable tolling as follows:

> Having decided that [the statute of limitations] can be tolled, we have no basis for upsetting the district court's decision to allow Beeler more time to file his petition. The district court found that Beeler's lead counsel, Scott Braden, had diligently pursued the preparation of Beeler's petition. Braden, however, withdrew after accepting employment in another state, and much of the work product he left behind was not usable by replacement counsel – a turn of events over which Beeler had no control. There were thus "extraordinary circumstances" which justified tolling [the] statute of limitations.

Id. at 1289.

In Kelly, the Ninth Circuit again denied mandamus relief and held that equitable tolling was appropriate because:

> [A]s part of its order that Kelly be mentally evaluated, the district court ordered "that all other aspects of this case be, and hereby are, stayed pending final determination by this Court of the Petitioner's mental capacity to proceed." The only reasonable reading of this order was that it prohibited Kelly's attorney's from filing a habeas petition, which is how the district court itself construed it. . . . This stay of the proceedings prevented Kelly's counsel from filing a habeas petition and, in itself, justifies equitable tolling.

163 F.3d at 541.

In addition, the egregious misconduct of counsel may warrant equitable tolling. See Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003). The Ninth Circuit has concluded, however, that equitable tolling is not appropriate based on the ordinary negligence of counsel. See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001). Mental incompetence may also warrant equitable tolling for the period the prisoner was incompetent if he can show that the incompetency in fact

caused the delay.  See Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003).

Here, petitioner simply mentions the possibility of equitable tolling due to ineffective assistance of counsel.  He does not, however, explain what counsel was ineffective, nor how the ineffectiveness of counsel interfered in his ability to file his habeas petition for ten years.

As set forth above, there are two requirements to be met before the court can grant a petitioner equitable tolling.  The first is petitioner must demonstrate he acted with diligence in pursing his rights; the second is that extraordinary circumstances interfered with his ability to timely file his petition.  In this case, petitioner fails to meet either of these requirements.  First, petitioner does not address his diligence.  He fails to inform the court what, if any, steps he took in his attempts to file a timely petition.   Second, he fails to explain how the ineffective assistance of counsel, presumably trial counsel, was an extraordinary circumstance that interfered with his ability to file a timely petition.

The undersigned finds, based on the lack of showing made herein, that petitioner is not entitled to equitable tolling of the statute of limitations.  Therefore, the statute of limitations expired prior to his filing this habeas petition, and his federal habeas petition is untimely.

### III.    Conclusion

The undersigned finds the petitioner's federal habeas petition to be untimely.  The statute of limitations expired prior to the filing of petitioner's federal habeas petition, and he is not entitled to equitable tolling.  The citations to state court cases in his motion for clarification do not alter the statute of limitations analysis.

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 13) be granted, petitioner's motion for clarification (Doc. 19) be granted, and petitioner's petition be dismissed as untimely filed.

/ / /

1       These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court. Responses to objections shall be filed within 14 days after service of
5 objections. Failure to file objections within the specified time may waive the right to appeal.
6 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

  DATED: January 14, 2014

                                     **CRAIG M. KELLISON**
                                     UNITED STATES MAGISTRATE JUDGE

7